* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Donovan with minor modifications. *Page 2 
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. Plaintiff alleges to have sustained a compensable injury by accident on April 30, 2004.
2. On April 30, 2004, defendant-carrier ERIE Insurance Group provided workers' compensation coverage to defendant-employer World Custom Homes Enterprises, Inc.
3. The parties disagree as to whether an employment relationship existed between plaintiff and defendant on April 30, 2004.
4. The parties disagree as to whether they were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on April 30, 2004.
5. The issues for determination are:
 a. Whether the Industrial Commission has jurisdiction over this claim?
 b. Whether plaintiff was an independent contractor or an employment relationship existed between plaintiff and defendant-employer on April 30, 2004?
 c. Whether plaintiff sustained an injury by accident while in the course and scope of his employment on April 30, 2004, and if so, to what benefits is he entitled under the Act?
 * * * * * * * * * * * EXHIBITS
1. The parties stipulated the following documentary evidence: *Page 3 
 a. Stipulated Exhibit 1: Two volumes of discovery documents
 b. Stipulated Exhibit 2: Medical records and bills
 c. Stipulated Exhibit 3: I.C. forms, maps, photos (see index)
 d. Stipulated Exhibit 4: Purchase of mobile home documents
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On April 30, 2004, plaintiff and co-worker John A. Smith were passengers in a vehicle owned by Tracy Farrington Moss and driven by John Albert Conrad. At approximately 12:29 p.m., the vehicle was involved in a serious accident in Rowan County, North Carolina. Mr. Conrad was killed in the accident, and plaintiff and Mr. Smith sustained serious injuries.
2. Defendant provides finishing services for mobile homes, including building decks and installing underpinnings. Defendant's clients include mobile home manufacturers and individuals who want work done on their mobile home. Defendant subcontracts with workers to perform the actual jobs.
3. Ms. Terry Perry is the owner of defendant, and her son, Dale Perry, Jr., is her employee. Ms. Perry is responsible for dealing with the customers and handling the business aspects of the company. Mr. Perry is responsible for visiting job sites after a job is obtained, determining exactly what needs to be done on the job and obtaining the appropriate materials for the job. Ms. Perry does not receive a regular salary from her position and Mr. Perry is paid a salary as a full-time employee. *Page 4 
4. On a single occasion, workers on a particular job site were provided with T-shirts bearing defendant's name World Custom Homes. This was done at the request of the owner to prevent on-site material theft. Beyond that one occasion, there is no identifying clothing or uniform given to workers that would suggest that they are affiliated with defendant.
5. Once a job is obtained by defendant, Mr. Perry identifies the materials needed and arranges the delivery of the materials to the job site. Thereafter, workers are found to do the particular job assignments associated with the job. Sometimes Mr. Perry or his mother, Ms. Perry, will call individuals to see if they want a job, and other times workers will call them inquiring about the availability of work. Defendant does not use the same workers for every job, and does not require that their workers work exclusively for defendant.
6. As jobs are assigned to a work crew, the crew is responsible for determining their arrival and departure time from the site, the order of tasks, and the manner in which the tasks will be performed. Defendant has no more input into the performance of the job until it is completed. Thereafter Mr. Perry inspects the result to ensure that building codes have been met. No workers are subject to discharge for adopting one method of work over another.
7. Payment for workers is determined according to a job price sheet that establishes a rate for each type of project that defendant contracts to perform. The job price sheet has the designation of "Sub Pay List" on it and is provided to each worker. A change in the listed prices is occasionally negotiated for unusually large or otherwise exceptional jobs, but this is a rare occurrence. Defendant does not pay any worker by the hour, and no bonuses or overtime wages are paid to any worker. A worker is permitted to bring any assistants he wishes, and pays that assistant out of the price sheet amount for the job. Payment is made by the week or by the job, *Page 5 
and is made by check or cash according to the worker's preference. Workers provide their own hand tools.
8. Ms. Perry has on occasion taken money for child support payments out of a worker's check, but only when asked by the worker to do so. The undersigned find that this is a gratuitous service provided by Ms. Perry and is not indicative of an exercise of control over a worker's earnings.
9. On occasion Mr. Perry has provided transportation to workers to and from work sites. This occurs only when Mr. Perry is making the trip anyway, and takes the form of giving workers a lift rather than providing a reliable source of transportation.
10. Defendant does not provide workers' compensation coverage to the individual workers who perform work for the company. Any individuals performing work for the company are required to obtain their own personal liability insurance.
11. Defendant does not withhold any taxes from worker payouts. At the end of the year, defendant issues a 1099, the tax form for independent contractors, to individual workers. The greater weight of the evidence shows that plaintiff received 1099s from defendant in the past and had never received a W-2 form as an employee of defendant.
12. The greater weight of the evidence shows and the undersigned find that plaintiff was an independent contractor and not an employee of defendant.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 6 
 CONCLUSIONS OF LAW
1. Plaintiff is an independent contractor and not an employee of defendant. N.C. Gen. Stat. § 97-2(2).
2. As plaintiff is an independent contractor and not an employee of defendant, the Industrial Commission lacks jurisdiction to address plaintiff's claim under the Act. Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim must be and is hereby DISMISSED for lack of jurisdiction.
2. Each side shall bear its own costs.
This the 17th day of March 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 DISSENTING: *Page 7 
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 8